UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No.: 19-02578-RLM-13 |
| | ) | |
| ROBERT TODD CULP, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |

## OBJECTION TO CHAPTER 13 PLAN

Secured Creditor CadleRock Joint Venture, L.P. ("CadleRock"), by and through its undersigned counsel, objects to the confirmation of the currently proposed Amended Chapter 13 Plan ("Plan") filed by Robert Todd Culp d/b/a KOA Properties, etc. ("Debtor") on the ground that it fails to meet the requirements of 11 U.S.C. § 1325(a)(5) because it fails to provide for the repayment of CadleRock's secured mortgage-lien security interest in the Debtor's property at 146 Nursery Road, Anderson, Indiana. As grounds for and in further support of its objection, CadleRock states the following:

### I.    INTRODUCTION

As evidenced by the claim (#9) it filed, CadleRock holds a secured junior mortgage and judgment lien ("secured lien") -- obtained via assignment from PNC Bank, which already holds a prior mortgage in Debtor Culp's residence— in Debtor Culp's residence at 146 Nursery Road, Anderson, Indiana 46012 ("residence"). Debtor Culp is indebted to CadleRock concerning the secured lien in the sum of $36,735.79. The Debtor's schedules and Amended Plan fail to acknowledge CadleRock's secured position – presumably because Debtor Culp has undervalued his residence at $80,000.00, claimed an exemption for $5,000.00 under Ind. Code § 34-55-10-

2(c)(1), and listed PNC as the only creditor with a secured lien—PNC's senior mortgage for $75,000.00—in his residence.

## II. ARGUMENT AND ANALYSIS

### A.    Debtor Culp Has Undervalued His Residence

As this Court is well aware, bankruptcy courts make judicial valuations of residences under 11 U.S.C. § 506(a) and "determine the value of real property using fair market value principles." *In re Witte*, 2011 Bankr. LEXIS 1136, 2011 WL 1134683, *4 (S. D. Ind. Mar. 23, 2011) (citing *Profitt v. Mendoza*, 2004 U.S. Dist. LEXIS 27375, 2004 WL 3223059, *8 (S. D. Ind. Nov. 23, 2004)).[1]  The value of a secured creditor's collateral in a chapter 13 case is usually determined through the plan confirmation process. *In re Duggins*, 263 B.R. 233, 234 (Bankr. C.D. Ill. 2001). Should the creditor believe that the chapter 13 plan understates the value of the creditor's collateral, "the creditor may object to confirmation and request a valuation hearing."[2] *Id*.

Here, CadleRock believes that Debtor Culp undervalued the real-property collateral that secures the debt owed to CadleRock[3] and believes the Court should resolve that factual question at a valuation hearing.

---

[1] "The three universally recognized approaches using fair market value principles are (1) the market or sales comparison approach, based on evidence of comparable sales; (2) the cost or land development approach, based on actual costs of construction, reduced for depreciation; and (3) the capitalization of income approach, which capitalizes the net future income that the property is capable of producing." *In re Witte*, at *4.

[2] Section 506(a)(1) permits a hearing before a court to determine the value of real property by providing that "[s]uch value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use on a plan affecting such creditor's interest." *See* 11 U.S.C. § 506(a)(1) (emphasis added).

[3] 11 U.S.C. § 501(a) provides that "a claim filed under § 501 is deemed allowed unless a party objects." *In re McNichols*, 255 B.R. 857, 872 (Bankr. N.D. Ill. 2000); *see also Adair v. Sherman*, 230 F.3d 890, 894 (7th Cir. 2000); *In re Ross*, 162 B.R. 785, 788 (Bankr. N.D. Ill. 1993) ("A proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes prima facie evidence of the validity and amount of the claim."). A chapter 13 plan may not modify the rights

**B.      The Court Should Deny Confirmation Of the Debtor's Amended Plan Because It Fails To Provide Payment for CadleRock.**

The Debtor has the burden of proving that his or her plan complies with 11 U.S.C. § 1325 requirements for confirmation. *See In re Thornton*, 2016 Bankr. LEXIS 2089, 2016 WL 3092280, at *2-3 (Bankr. S.D. Ind. May 23, 2016) (collecting cases). A chapter 13 plan cannot be confirmed under 11 U.S.C. § 1325(a) "unless one of the following conditions is met with respect to all secured claims: (1) the secured creditor consents, (2) the debtor surrenders the collateral, or (3) the plan contains certain required provisions to pay and protect the lien holder." *In re Shannon*, 2018 Bankr. LEXIS 2730, at *43 (Bankr. N.D. Ill. Sept. 7, 2018). Here, none of the conditions is met. CadleRock, a secured creditor, does not consent to the Debtor's Amended Plan, the Debtor has not surrendered the real property, and the Amended Plan contains no provisions to pay or protect CadleRock's secured position. Accordingly, the Court should not confirm the Amended Plan.

### III.    CONCLUSION

Accordingly, CadleRock respectfully asks that the Court sustain its objection to confirmation of the Debtor's Amended Plan.

---

of a creditor whose claim is secured "only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2); *see In re Quevedo*, 2015 Bankr. LEXIS 3539, at *8 (Bankr. C.D. Cal. Oct. 19, 2015) (citing *Nobelman v. American Sav. Bank*, 508 U.S. 324, 327-28 (1993)). If the claim of a lien holder secured only by the debtor's principal residence is completely or wholly unsecured, the anti-modification provision in 11 U.S.C. § 1322(b)(2) does not apply and "a debtor may utilize 11 U.S.C. § 506(a) under a chapter 13 plan to effectively 'strip off' a wholly unsecured lien." *In re Quevedo*, 2015 Bankr. LEXIS 3539, at *9 (Bankr. C.D. Cal. Oct. 19, 2015) (citing *Zimmer v. PSB Lending Corp. (In re Zimmer)*, 313 F.3d 220 (9th Cir. 2002)). However, there only needs to be sufficient value in the collateral to cover some portion of the creditor's claim for the anti-modification exception in 11 U.S.C. § 1322(b)(2) to apply. *First Bank, Inc. v. Van Wie*, 2003 U.S. Dist. LEXIS 4512, 2003 WL 1563959, at *9 (S.D. Ind. Jan. 8, 2003).

3

Respectfully submitted,

*/s/ Trevor W. Wells*
Trevor W. Wells (#31156-64)
**REMINGER CO., L.P.A.**
One Professional Center, Suite 202
2100 North Main Street
Crown Point, IN 46307
(219) 663-3011
(219) 663-1049 (fax)
twells@reminger.com

*Counsel for Defendant*
*CadleRock Joint Venture, L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2019, the foregoing was filed electronically, which resulted in electronic notice of its filing to the following parties by operation of the Court's electronic filing system, through which parties may access the filing:

U.S. Trustee
ustpregion10.in.ecf@usdoj.gov

Trustee
Ann M. DeLaney
Office of Ann M. Delaney
ECFdelaney@trustee13.com

Steven J. Halbert
shalbertlaw@gmail.com

*/s/ Trevor W. Wells*
Trevor W. Wells (#31156-64)
**REMINGER CO., L.P.A.**